**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4690**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LARKIN THADDAEUS VIERS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.   Bruce H. Hendricks, District Judge.   (4:14-cr-00552-BHH-1)

_____

Submitted:  August 25, 2016         Decided:  August 29, 2016

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

M.W. Cockrell, III, COCKRELL LAW FIRM, P.C., Chesterfield, South Carolina, for Appellant.   William E. Day, II, Assistant United States Attorney, Florence, South Carolina; Anne Hunter Young, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larkin Thaddaeus Viers pled guilty, pursuant to a written plea agreement, to knowingly engaging in monetary transactions through a financial institution and affecting interstate commerce, in criminally derived property of a value of greater than $10,000, in violation of 18 U.S.C. § 1341 (2012). The district court sentenced Viers to 37 months' imprisonment, a sentence at the bottom of the applicable U.S. Sentencing Guidelines Manual (2014) range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Viers' guilty plea. Although notified of his right to do so, Viers has not filed a pro se brief.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of

2

force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.

Because Viers did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Viers] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." Id. at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. Id.

The record reveals that the district court conducted a thorough plea colloquy with Viers. The court erred only in failing to state the statutory maximum sentence that Viers faced and failing to correct the Government's erroneous statement that the offense carried no statutory maximum sentence. However, neither Viers nor the record suggest that, but for the failure to alert Viers of the correct statutory maximum sentence, he would not have pled guilty. Viers' plea agreement, which he signed before his plea hearing, correctly stated the 10-year statutory maximum sentence. Likewise, defense counsel stated the correct statutory maximum during the plea hearing.

3

Accordingly, we conclude that the district court did not err in accepting Viers' guilty plea.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Viers' conviction and sentence. This court requires that counsel inform Viers, in writing, of the right to petition the Supreme Court of the United States for further review. If Viers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Viers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4